IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | |
|---|---|
| In the Matter of:<br>AUBREY LYMAN MEADE, JR.,<br>    Debtor | Case No.:<br>17-1360-5-DMW<br>Chapter 11 |

AUBREY LYMAN MEADE, JR.,            )
                                     )
            Plaintiff,               )
                                     )
v.                                   )
                                     )
MTGLQ INVESTORS L.P.,                )
Successor-in-interest to             )
Equity Services, Inc.                )
                                     )
            Defendant.               )
_____)

## **COMPLAINT**

Aubrey Lyman Meade, Jr. (hereinafter referred to as "Plaintiff"), by and through counsel, and pursuant to 11 U.S.C. §§ 544 and 550, and Rules 7001(1) and 7001(2) of the Federal Rules of Bankruptcy Procedure, files this Complaint against MTGLQ Investors L.P. successor-in-interest to Equity Services, Inc. (hereinafter referred to as "Defendant"), to avoid the lien created by the Deed of Trust recorded at Book 1270, Page 746, in the Office of the Franklin County, North Carolina, Register of Deeds, and to recover for the benefit of the estate such real property described in the deed of trust, and, in support thereof, states as follows:

1.    This is an adversary proceeding relating to the Chapter 11 bankruptcy case of Aubrey Lyman Meade, Jr., as referenced above, to determine the nature and extent of the lien and claim of Defendant pursuant to Rule 70011), 7001(2) 7001(8) and 7001(9) of the

1

Bankruptcy Rules and Section 544 and 550 of the Bankruptcy Code and an objection to claim pursuant to Rule 3007.

2. The Bankruptcy Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334, 151, and 157, and this matter is a core proceeding pursuant to 28 U.S.C. § 157. The Court has the authority to hear this matter pursuant to the General Order of Reference entered August 3, 1984, by the United States District Court for the Eastern District of North Carolina.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1408 and 1409.

## PARTIES

4. Plaintiff is a citizen and resident of Franklin County, North Carolina. Plaintiff filed a voluntary petition under Chapter 11 of the Bankruptcy Code in this Court on March 20, 2017.

5. Upon information and belief, Defendant is a limited partnership organized under the laws of the State of Delaware and registered as a foreign limited partnership under the laws of the State of North Carolina.

## FACTUAL ALLEGATIONS

6. Plaintiff is the owner of a house and lot in Franklin County, North Carolina located at 52 Vineyard Drive, Louisburg, North Carolina.

7. On May 28, 2002, Plaintiff executed a promissory note ("Note") in the principal amount of $74,000.00 to Equity Services, Inc. A copy of the Note is attached hereto as Exhibit A.

8. Purportedly on the same day the Note and Deed of Trust were executed, an Assignment of Deed of Trust was executed by Equity Services, Inc. assigning the Deed of Trust to Washington Mutual Bank, F.A. The Assignment of Deed of Trust, a copy of which is

attached hereto as Exhibit B, was recorded more than two years later on July 16, 2004, in Book 1420, Page 264 of the Franklin County Registry.

9. In connection with the Note, Plaintiff executed a Deed of Trust("DOT"). On May 29, 2002, the DOT was recorded. The DOT provided that it secured the Note.  DOT is attached as Exhibit C.

10. On October 30, 2008, the Federal Deposit Insurance Corporation (hereinafter "FDIC"), acting in its capacity as Receiver for Washington Mutual Bank, formerly known as Washington Mutual Bank, F.A., by and through one of its officers, executed a Limited Power of Attorney appointing JPMorgan Chase Bank, National Association its attorney in fact for the limited purpose, *inter alia*,:

> To execute, acknowledge, seal and deliver on behalf of the FDIC, acting in its capacity as Receiver of the Institution, all instruments of sale, transfer, conveyance and/or assignment.

11. The Limited Power of Attorney, a copy of which is attached hereto as Exhibit D, was effective from September 25, 2008 through September 25, 2010. The Limited Power of Attorney was recorded on January 22, 2009, in Book 2009, Page 725 in the Pottawattamie County, Iowa Registry.

12. On March 28, 2013, the FDIC as Receiver of Washington Mutual Bank, formerly known as Washington Mutual Bank, F.A. by JPMorgan Chase Bank, National Association its attorney in fact, by and through its corporate officer, executed a Corporate Assignment of Deed of Trust, a copy of which is attached hereto as Exhibit E, purporting to assign the Deed of Trust to JPMorgan Chase Bank, National Association.

13. The Corporate Assignment of Deed of Trust, attached hereto as Exhibit E, executed by the Federal Deposit Insurance Corporation as Receiver of Washington Mutual Bank,

formerly known as Washington Mutual Bank, F.A. by JPMorgan Chase Bank, National Association its attorney in fact did not effectively assign any rights to JPMorgan Chase Bank, National Association because it was executed after the Limited Power of Attorney, Exhibit C, which authorized JPMorgan Chase Bank, National Association to act as attorney in fact for the FDIC had expired.

14. On information and belief, Defendant is not the holder of the Note and Deed of Trust because JPMorgan Chase Bank, National Association did not effectively receive any rights under the earlier assignment and therefore had no rights to convey to Defendant.

15. On July 18, 2017, Defendant filed its Proof of Claim. In support thereof, it supplied, inter alia, the Note, the Deed of Trust and the purported assignment from JPMorgan Chase, N.A. to Defendant.

16. The facts and statements of the attached exhibits are incorporated herein to the Complaint as if set out in full.

### FIRST CLAIM FOR RELIEF
### OBJECTION TO CLAIM

17. Plaintiff re-alleges and incorporates by reference the preceding paragraphs as if set out in full.

18. Defendant's Proof of Claim does not contain sufficient evidence that Defendant is the proper holder of the Note or was effectively assigned the Deed of Trust.

19. As it cannot show an effective chain of title to either the Note or the Deed of Trust, it cannot support its proof of claim as the owner of the amount owed.

20. The claim should be denied or refused.

### SECOND CLAIM FOR RELIEF
### LIEN AVOIDANCE

21.     Plaintiff re-alleges and incorporates by reference the preceding paragraphs as if set out in full.

22.     Defendant's Proof of Claim does not contain sufficient evidence that Defendant is the holder of the Note.

23.     The assignment from FDIC to JPMorgan Chase Bank, N.A. was not valid as it was executed after the authority granted under the Limited Power of Attorney from FDIC to JPMorgan Chase Bank, N.A. had expired.

24.     Further, the later assignment from JPMorgan Chase Bank, N.A. to Defendant was not effective because JPMorgan Chase Bank received no rights under the assignment from FDIC to JPMorgan Chase Bank, N.A. as the assignment was executed after the authority under the Limited Power of Attorney had expired.

25.     Defendant is not the assignee holder of the Note. The Note is therefore unenforceable by Defendant.

THIRD CLAIM FOR RELIEF
CLAIM FOR RELIEF
11 U.S.C § 544(a)(1)

26.     Plaintiff re-alleges and incorporates by reference the preceding paragraphs as if fully set forth.

27.     Pursuant to 11 U.S.C. § 544, the lien of Defendant under the Deed of Trust described in Exhibit B is unenforceable against the Plaintiff and it should be avoided on the grounds that JPMorgan Chase Bank, National Association did not have legal capacity to assign the note and deed of trust as attorney in fact for FDIC.

28.     The real property that is described in the avoided deed of trust should be preserved for the benefit of the estate pursuant to 11 U.S.C. § 550.

WHEREFORE, Plaintiff respectfully prays that the Court:

1. Issue an Order declaring that Defendant does not have a valid lien because JPMorgan Chase Bank, National Association did not have legal capacity to assign the note and deed of trust as attorney in fact for FDIC;

2. Issue an Order preserving the real property described in the avoided deed of trust for the benefit of the bankruptcy estate pursuant to 11 U.S.C. § 550;

3. Tax the costs of this action against Defendant; and

4. Grant Plaintiff any other and further relief as this Court deems just and proper.

This the 13th day of November, 2017.

                                                /s/ Katherine S. Parker-Lowe
                                                KATHERINE S. PARKER-LOWE
                                                N.C. State Bar #13318
                                                Attorney at Law
                                                Post Office Box 730
                                                Ocracoke, North Carolina 27960
                                                252-928-1000 (Phone)
                                                252-928-1002 (Facsimile)
                                                katherine@ocracokelaw.com